UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA SHORT, an individual

        Plaintiff,

v.

PEDCOR MANAGEMENT CORPORATION, a corporation

        Defendant.

FILE NO.: 22-cv-

HON.:

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Street, Ste. 209
Portage, MI 49024
(269) 321-5008
(269) 321-5009 (facsimile)
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff, Vanessa Short, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1)    The plaintiff Vanessa Short is an is a single white woman with two African American sons who currently is homeless and who is generally living out of her car in Kalamazoo County.

2)    The defendant Pedcor Management Corporation is, upon information and belief, an Indiana Corporation doing business in the County of Berrien, State of Michigan, at all times relevant to this complaint.

3) The plaintiff is an aggrieved person as defined by 42 U.S.C. § 3607, because the defendant discriminated and retaliated against her because of her African American children, her marital status and her complaints about discrimination.

4) This action is brought under the Fair Housing Act, which is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Act of 1988, 42 U.S.C. § 3601 et seq.

5) This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1345, 42 U.S.C. 3613, and it has authority to grant declaratory and injunctive relief under Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and 28 U.S.C. § 2202.

6) Certain claims in this lawsuit are brought under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7) The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8) The plaintiff became a tenant in an apartment on the premises of Berrien Woods Apartments, which is owned or managed by both the defendant, upon information and belief, in June 2019.

9) In approximately May 2021 the defendant's property manager Denise Martins arrived at Ms. Short's apartment unit when she was not there and discovered Ms. Short's late-teenaged African-American son, her son's African

American friend, and her son's dog, in the unit.

10) Ms. Martins and another person entered the unit and started taking photographs.

11) Thereafter, Ms. Short did not receive renewal paperwork that was sent to other residents.

12) In June 2021 Ms. Martin's called Ms. Short and told her she had seen her son speeding through the parking lot.

13) Ms. Martins indicated that she knew it was Ms. Short's son because he is African American, and the people in the car were African American.

14) Later in June 2021, Ms. Martins told Ms. Short that the defendant would not renew her lease because of numerous lease violations.

15) Ms. Short then called the defendant's corporate headquarters.

16) In the call to the corporate headquarters Ms. Short complained about race discrimination, referencing Ms. Martins' comment about Ms. Short's African American son speeding in the parking lot.

17) Ms. Short also complained that her lease was not going to be renewed, asserting that was not justified, because she had not violated her lease.

18) The corporate representative assured Ms. Martins that she could renew her lease, as she had no major lease violations.

19) Ms. Short, however, decided that she would move out when her lease ended in August, because she felt discriminated against and not welcomed.

20) Ms. Short then applied for tenancies at other rental complexes, but, to

her surprise and dismay, she kept getting rejected.

21) One of the complexes that rejected her was Winchell Way.

22) Winchell Way informed Ms. Short that it had denied her application for a tenancy because of the information it had received from her prior landlord.

23) The form that the defendant sent to Winchell Way contained a number of false statements, including that it had evicted her, that she had numerous lease violations, and she was behind in her rent.

24) On December 9, 2021 Ms. Short called Ms. Martins to complain about the retaliatory recommendation.

25) Ms. Martins told Ms. Short that she should not have left her son at home, and it really sucks to be a single parent.

26) As a result of the discrimination and retaliation set forth above, Ms. Short has suffered and will continue to suffer damages, including as follows:

    A) Being homeless and living in her car since August 2021;

    B) Having to give up custody of her younger son to his father;

    C) Excessive wear and tear to her car, and gas expenses;

    D) Damage to her health from shivering and sleeping in cold weather.

    E) Emotional distress;

    F) A loss of enjoyment of life.

    G) Moving expenses;

    H) Other compensatory damages.

## COUNT I - VIOLATIONS OF THE FAIR HOUSING ACT

27) The plaintiff restates and realleges as though fully set forth herein paragraphs 1-26 of this complaint.

28) The defendant discriminated against Ms. Short because of her association with her African-American son and because of her single marital status by telling her it would not renew her lease, and by making critical statements about her African-American son and her single marital status.

29) The defendant retaliated against Ms. Short for complaining to the defendant about discrimination by providing false information or references to other landlords.

30) The defendant's conduct set forth above violated 42 U.S.C. § 3604(a), 42 U.S.C. 3606(b), and 42 U.S.C. § 3604(d).

31) As a result of the discrimination and retaliation set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

## COUNT II – ELLIOTT-LARSEN CIVIL RIGHTS ACT

32. The plaintiff restates and realleges as though fully set forth herein

5

paragraphs 1-31 of this complaint.

33.   The discrimination and retaliation set forth above violate various sections of the Elliott-Larsen Civil Rights Act, including Article 5, Section 502, and Article 7, Section 701 (MCL 37.2502 and MCL 37.2701).

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

Dated: June 8, 2022                           William F. Piper, PLC.
                                                                  Attorney for Plaintiff

                                              By:   /s/William F. Piper
                                                      William F. Piper (P38636)
                                             BUSINESS ADDRESS:
                                                      1611 W. Centre Ave., Suite 209
                                                      Portage, MI 49024
                                                      (269) 321-5008